UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY KANTER-DOUD,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | No. 2:23-cv-00678-DAD-AC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 6) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 6.) On June 30, 2023, the motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 20.) For the reasons explained below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On January 10, 2023, plaintiff filed this financial abuse case against defendant Wells Fargo Bank, N.A. and unnamed Doe defendants 1–25 in the Sacramento County Superior Court. (Doc. No. 1-1 at 20.) On February 18, 2023, plaintiff filed the operative first amended complaint ("FAC") asserting the following two causes of action: (1) financial elder abuse in violation of California Welfare & Institutions Code §§ 15600, *et seq.*; and (2) unfair business practices in violation of California Business and Professions Code § 17200. On April 11, 2023, defendant removed the action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the

1

1  grounds that diversity jurisdiction exists because there is complete diversity of citizenship
2  between the parties and the amount in controversy exceeds $75,000. (Doc. No. 1 at 2–3.) On
3  May 10, 2023, plaintiff filed the pending motion to remand, asserting that diversity jurisdiction
4  does not exist because both parties are citizens of California. (Doc. No. 6.) Defendant filed an
5  opposition on May 23, 2023, and plaintiff filed her reply thereto on June 1, 2023. (Doc. Nos. 13,
6  17.)

## LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1447(c). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 24, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

1                                                    **ANALYSIS**

2         In her pending motion to remand, plaintiff contends that defendant improperly removed

3  this action because defendant failed to satisfy its burden to establish federal subject matter

4  jurisdiction based on diversity. (Doc. No. 6 at 5.) Specifically, plaintiff argues that defendant has

5  not established the requisite diversity of citizenship. (*Id.*)

6         An action may be removed to federal court on the basis of diversity jurisdiction only

7  where there is complete diversity of citizenship. *Hunter*, 582 F.3d at 1043. Diversity jurisdiction

8  is based on the citizenship of the parties at the time the complaint is filed. *Co-Efficient Energy*

9  *Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987).

10  **A.     Plaintiff's Citizenship**

11        For diversity purposes, a natural person is a citizen of a state if they are: (1) a citizen of

12  the United States and (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d

13  1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home where they reside with

14  the intention to remain or to which they intend to return. *Lew v. Moss*, 797 F.2d 747, 749–50

15  (1986). In her FAC, plaintiff alleges that she is a citizen of the state of California and at all

16  relevant times has been a resident of the state of California. (Doc. No. 1-1 at ¶¶ 14, 16.) In its

17  notice of removal, defendant agrees that plaintiff is, and at all times since the commencement of

18  this action has been, a citizen and resident of the state of California. (Doc. No. 1 at ¶ 6.) The

19  court thus concludes that plaintiff is a citizen of California for the purposes of diversity

20  jurisdiction.

21  **B.     Defendant's Citizenship**

22        Given the above, diversity can then only be present if defendant Wells Fargo Bank, N.A.

23  is not a citizen of California. In her FAC, plaintiff alleges that defendant has its principal place of

24  business in California. (Doc. No. 1-1 at ¶ 14.) In its notice of removal, defendant alleges that it

25  is "not a citizen of California" and is instead "a citizen of South Dakota, and no other state for

26  purposes of diversity jurisdiction." (Doc. No. 1 at ¶ 7.) In the pending motion to remand,

27  plaintiff argues that the case "belongs in California state court" because it involves "an action that

28  /////

3

took place in California, against a bank with its principal place of business in California." (Doc. No. 6 at 6.)

However, in her FAC, plaintiff describes defendant as one of the largest banking associations in the United States. (Doc. No. 1-1 at 6.) In its notice of removal, defendant agrees that Wells Fargo Bank is a national association. (Doc. No. 1 at 3.) Under 28 U.S.C. § 1348, national banking associations are "citizens of the States in which they are respectively located." *Id.* "[A] national bank is 'located' only in the state designated as its main office." *Rouse v. Wachovia Mortg., FSB,* 747 F.3d 707, 708 (9th Cir. 2014). More specifically, the Ninth Circuit has specifically held that "Wells Fargo is a citizen only of South Dakota, where its main office is located." *Id.* at 715; *see also Ogamba v. Wells Fargo Bank, N.A.,* No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124, at *2 (E.D. Cal. Sept. 26, 2017) (same); *Baker v. Wells Fargo Bank, N.A.*, No. 1:16-cv-01943-LJO-EPG, 2017 WL 931879, at *4 (E.D. Cal. Mar. 9, 2017) (concluding that because the plaintiff is "a citizen of California and Wells Fargo is a citizen of South Dakota, there is complete diversity of citizenship between the parties, which provides the Court with diversity jurisdiction"); *Faught v. Wells Fargo Bank, N.A.,* No. 2:17-cv-01706-MCE-KJN, 2018 WL 1071269, at *3 (E.D. Cal. Feb. 27, 2018) (same). Defendant has also provided the court with evidence, in the form of a declaration from business execution consultant Tiffany Ward, that as of May 22, 2023, Wells Fargo Bank's main office is located in Sioux Falls, South Dakota. (Doc. No. 13-1 at 2.)
Based on the above, the court concludes that defendant is a citizen only of the state of South Dakota and is thus completely diverse from plaintiff.[1] As such, the court has diversity

/////

---

[1] Plaintiff advances policy arguments regarding defendant's "centuries-long business presence in California" and "[t]he interests of justice" requiring remand to state court. (Doc. Nos. 6 at 8; 17 at 3.) The undersigned also recognizes that the dissent in *Rouse* warned that the majority decision in that case would place "national banks on superior footing in their access to federal courts." *Rouse*, 747 F.3d at 715. Nonetheless, this court is bound by Ninth Circuit precedent, which compels the outcome in this case. *See Day v. Apoliona*, 496 F.3d 1027, 1031 (9th Cir. 2007) (Until the Supreme Court "change[s] the law . . . [the Ninth Circuit] (and the district court) are bound by [the Ninth Circuit's] earlier precedent."); *Zuniga v. United Can Co.,* 812 F.2d 443, 450 (9th Cir. 1987) (district courts are bound to follow the precedents of their own circuit).

jurisdiction over this case, as the amount in controversy is clearly over $75,000 and is not disputed by the parties. (Doc. Nos. 1 at ¶ 8; 6 at 3.)

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand (Doc. No. 6) is denied.

IT IS SO ORDERED.

Dated:  **December 19, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE